In re The Matter of Johnny
Stephen BISHOP.

Julia Kay HENSLEY, Appellant,

v.

J.D. HAMBLIN and Eloise
Hamblin, Appellees.

Court of Appeals of Tennessee,
Eastern Section.

June 8, 1984.

Permission to Appeal Denied by
Supreme Court Oct. 1, 1984.

Jerry Shattuck, Clinton, for appellant.

Terry M. Basista of Basista, Hatmaker & Hall, Jacksboro, for appellees.

## OPINION

PARROTT, Presiding Judge.

In this adoption action, Julia K. Hensley, the natural·mother of a minor son, Johnny S. Bishop, petitioned the court to set aside an order of adoption of the minor son by Eloise and J.D. Hamblin, the child's maternal grandparents. At the close of plain-

tiff's proof the chancellor dismissed her motion, finding that plaintiff had failed to carry her burden of proving grounds for setting aside the adoption.

Plaintiff's appeal raises two issues: (1) Is the adoption decree subject to attack under T.C.A. § 36–1–117 because the final judgment was entered less than ninety (90) days after the plaintiff's formal surrender of her minor son? and (2) Did plaintiff fail to carry her burden of establishing grounds for relief under Tennessee Rules of Civil Procedure No. 60.02? We think that the chancellor correctly decided both issues against the plaintiff.

On May 13, 1982, the plaintiff executed documents which surrendered her parental rights in the minor child in favor of the child's maternal grandparents. Under T.C.A. § 36–1–117, any parent who surrenders a child to someone other than the Department of Human Services or a licensed child-placing agency may revoke within ninety (90) days of the surrender. However, § 36–1–117 grants a ninety (90) day right of revocation only if "a petition to adopt has not been filed." In this case, the maternal grandparents filed a petition to adopt on the same day as plaintiff executed her surrender and plaintiff made no attempt to revoke until eight months after the surrender. Moreover, T.C.A. § 36–1–124 gives the trial court discretion to waive any probationary period and enter a final order of adoption when the child is a grandchild of one of the petitioners. Therefore, the trial court did not err in entering the final order of adoption prior to the expiration of the ninety (90) day period.

Plaintiff's contention that the chancellor improperly dismissed because of plaintiff's failure to carry her burden of proof is likewise without merit. It is true that the final order of adoption is subject to the provision of T.R.C.P. No. 60.02 and that proven fraud or undue influence is good grounds for vacating an adoption order. However, we think that the physical and emotional welfare of all parties requires assurance of the finality of the adoption order. Therefore, we hold that, after a final adoption order is entered, a natural parent who consented to the adoption must present clear and convincing evidence in order to set aside the adoption order.

Plaintiff testified that she understood the difference between an adoption and custody proceedings when she appeared before Judge Asbury to execute surrender documents. Plaintiff further testified that she was fully advised by Judge Asbury that she would be giving up all legal rights to the minor child and that the maternal grandparents would become the legal parents of the child. Plaintiff signed a straightforward, one page surrender form which stated, *inter alia,* "I agree not to attempt to disrupt this child's future relationship by ... attempting his removal either physically or through legal proceedings. I understand that this surrender cannot be revoked after ninety (90) days."

Plaintiff's testimony that she was distressed and that her mother urged the adoption does not constitute evidence of fraud or undue influence sufficient to set aside the adoption under T.R.C.P. No. 60.-02(2). Similarly, the fact that plaintiff now has her life "in order" is an insufficient basis to set aside the adoption under T.R.C.P. No. 60.02(5). The legislature has declared its intent to protect adopted children "from interference, long after they have become adjusted to their adoptive homes, by natural parents who may have some legal claim because of a defect in the adoption proceeding." (T.C.A. § 36–1–101). We agree with the Chancellor's ruling effectuating that intent.

Thus, we affirm the decree of the Chancellor with costs taxed to the appellant.

GODDARD, J., and KIRBY MATHERNE, Special Judge, concur.